Charles "Red" WARDEN, Appellant,

v.

Donald WYRICK, Warden, Appellee.

No. 84–1435.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1984.

Decided Aug. 9, 1985.

Richard Brooks Pitchie, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Charles "Red" Warden appeals from a final judgment entered in the District Court [1] for the Eastern District of Missouri denying his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (1982). Appellant was convicted of first degree murder in the Circuit Court of Jefferson County, Missouri, and is currently serving a life sentence in the Missouri Penitentiary. For reversal appellant argues that he was denied a fair trial because of (1) an instruction error, (2) ineffective assistance of counsel, (3) a reference during his trial to his prison record, and (4) a violation of his right of confrontation. Appellant also argues that the district court erred in denying his request for an evidentiary hearing on his habeas corpus petition. For the reasons discussed below, we affirm.

Appellant was charged by an amended information with acting in concert with others to cause the death of Jack Warden, his brother. The state's principal witness was Norval Cadwallader, Jr., one of the alleged accomplices. Cadwallader testified that he, appellant, and James Hudson (Cadwallader's nephew) drove to a tavern in Herculaneum, Missouri, on January 17, 1975, where they spent approximately an hour and a half drinking and talking. The three then left the tavern and drove to appellant's apartment. There appellant stated that he would pay $500 to "get rid" of his brother. Hudson stated that he would do the job, and appellant placed the $500 on the table. Cadwallader picked up the money and put it in his pocket. Appellant later obtained a gun and gave it to Cadwallader. Hudson subsequently decided that he would not shoot Jack Warden and suggest-

Alan J. Agathen, St. Louis, Mo., for appellant.

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

ed that Hubert Brissette might do the job. Cadwallader contacted Brissette and told him that Hudson had a deal for him whereby he could make some money. Hudson, Cadwallader, and Brissette then met. Hudson explained to Brissette that he had taken the job to shoot Jack Warden for $500 but could not do it. Brissette was to be paid $400 to do the shooting, while Hudson would receive $100 for driving to and from the victim's apartment. Hudson later changed his mind about driving the car. Brissette then bought Hudson's car for $100 and took the balance of the $500. On January 20, 1975, Brissette shot and killed Jack Warden.

Brissette was initially charged with first degree murder, but later pleaded guilty to an amended charge of second degree murder. Cadwallader was charged with conspiracy to commit murder and, at the time of appellant's trial in March 1978, had not been prosecuted on that charge.

Following a jury trial appellant was found guilty of first degree murder and sentenced to life imprisonment. This conviction was appealed and affirmed in *State v. Warden*, 591 S.W.2d 170 (Mo.Ct.App. 1980). Appellant's subsequent motion for a rehearing or transfer to the Missouri Supreme Court was denied. A Rule 27.26 motion for post-conviction relief was filed and subsequently denied on May 4, 1981, by the Circuit Court of Jefferson County, Missouri. The denial of the Rule 27.26 motion was appealed and affirmed in *Warden v. State*, 633 S.W.2d 298 (Mo.Ct. App.1982).

Appellant filed a petition for writ of habeas corpus in federal district court on December 2, 1982. On March 28, 1983, the magistrate recommended that the habeas petition be dismissed without further proceedings. On April 5, 1985, appellant filed exceptions to the recommendation of the magistrate and a motion for leave to amend his habeas petition. Appellant subsequently amended his petition to add a claim of ineffective assistance of appellate counsel. On January 25, 1984, the magistrate recommended that appellant's amended petition

be dismissed, and this recommendation was adopted by the district court on March 20, 1984. On the same date the district court denied a certificate of probable cause; however, this court granted appellant's application for certificate of probable cause on April 5, 1984.

Appellant initially argues that he was denied a fair trial because the verdict director instruction permitted the jury to find appellant guilty of first degree murder without requiring that the jury find that the principal possessed the mental state required to support such a charge. Appellant further contends that he was denied a fair trial and state appellate review because his counsel failed to challenge this instruction at trial or to raise the issue on appeal.

The state argues that this court should not consider this issue because appellant raises it for the first time on appeal. Appellant argues that this issue was raised in his motion to amend his habeas petition. In his April 5, 1984, motion to amend appellant stated that "the state committed plain error in not reversing the conviction on the grounds that the state charged the petitioner with first degree murder (as the aider and abettor), and charged the principal person with only second degree murder...."

■ As a general rule failure to present an issue to the district court precludes appellate consideration of that issue. *Urquhart v. Lockhart*, 726 F.2d 1316, 1318 (8th Cir.1984); *Wallace v. Lockhart*, 701 F.2d 719, 727 (8th Cir.), *cert. denied*, — U.S. ——, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983) (failure to present claim in habeas petition). Appellant did not present the issue of instruction error to the district court in his amended petition or in his original petition. The original petition, although alleging ineffective assistance of counsel, did not allege the failure of counsel to object to the instruction at trial or the failure to raise the instruction issue on appeal. Because the alleged instruction error was not presented to the district court, we do not consider it on appeal.

Appellant next argues that he was denied a fair trial because of ineffective assistance of counsel. Appellant argues that his trial counsel[2] failed to prepare for trial and cites his counsel's failure to prepare an alibi defense and the failure to interview witnesses as examples of this lack of preparation. Appellant argues that his counsel did not interview any defense witnesses until several days before the trial in 1978, although appellant in 1975 had given him the names of witnesses who could provide an alibi for him on January 17, 1975. Appellant further argues that counsel met with six of the defense witnesses on March 4, 1978, but did not ask them about January 17, 1975 (the date of the meeting at the bar), but rather asked them about January 20, 1975 (the date the victim was killed). Appellant also argues that counsel interviewed or deposed only two of the thirty-two witnesses endorsed by the state and did not interview Cadwallader at all. Lastly, appellant argues that his counsel presented defense evidence for only twenty-eight minutes, even though the trial lasted for five days.

■■■■ "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Washington v. Strickland*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "The proper standard for attorney performance is reasonably effective assistance." *Id.* 104 S.Ct. at 2064. A court must be "highly deferential" and must judge the reasonableness of counsel's challenged conduct on the facts of the particular case viewed as of the time of counsel's conduct. *Id.* at 2065. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions.... In particular, what investigation decisions are reasonable depends critically on such information." *Id.* at 2066. Although both the performance and prejudice components of the ineffectiveness

inquiry are mixed questions of law and fact, state court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of 28 U.S.C. § 2254(d) and district court findings are subject to the clearly erroneous standard. *Id.* at 2070.

■■ There are no conflicts between the findings of fact of the district court and the state court. The district court found that appellant admitted to his counsel that he met with Hudson and Cadwallader on January 17, 1975, to discuss killing his brother; counsel testified at the Rule 27.26 hearing that this was the reason he did not investigate appellant's whereabouts on January 17, 1975, or offer an alibi defense. The district court also found that appellant's trial counsel met and discussed the case with appellant on at least thirteen occasions; filed numerous pretrial motions, some of which were successful; received and reviewed discovery materials from the prosecutor, including police reports, ballistics reports, and the preliminary hearing testimony of Cadwallader; cross-examined state witnesses to show their dislike of the victim and the possibility that others may have caused the victim's death; cross-examined Cadwallader to reveal inconsistencies in his testimony and to impeach his credibility; examined the witnesses at the preliminary hearing; and obtained and reviewed a copy of the transcript of Brissette's preliminary hearing.

Appellant denies that he told his counsel of a meeting with Cadwallader and Hudson but does not suggest that counsel did not take the actions described above. We hold that the district court's findings of fact as to counsel's representation of appellant are not clearly erroneous. We agree with the state court and the district court that counsel's representation of appellant, assessed against an "objective standard of reasonableness," *id.* at 2065, was not deficient.

Appellant next argues that he was denied a fair trial because the state trial court refused to declare a mistrial after a

**2.** The attorney on appeal did not represent appellant in the trial court.

state witness referred to appellant's prior criminal record. The witness, in response to a question as to when appellant had lived with the victim, answered "after he got out of prison." Appellant argues that the court's instruction to disregard was ineffective to remove the prejudice caused by the remark.

■ "[E]videntiary issues do not support a petition under § 2254 unless the introduction of such evidence violates a specific federal constitutional provision," *Freeman v. Mabry*, 570 F.2d 813, 814 n. 2 (8th Cir.) (per curiam) (citations omitted), *cert. denied*, 439 U.S. 845, 99 S.Ct. 142, 58 L.Ed.2d 146 (1978), and the error is "of such magnitude as to deny fundamental fairness to the criminal trial." *Heads v. Beto*, 468 F.2d 240 (5th Cir.1972), *cert. denied*, 410 U.S. 969, 93 S.Ct. 1454, 35 L.Ed.2d 704 (1973). In order to successfully raise a habeas claim that other crimes testimony was unfairly prejudicial and infringed the constitutional right to a fair trial, the habeas petitioner must show gross or conspicuous prejudice. *Britton v. Rogers*, 631 F.2d 572, 575 (8th Cir.1980), *cert. denied*, 451 U.S. 939, 101 S.Ct. 2021, 68 L.Ed.2d 327 (1981); *Maggitt v. Wyrick*, 533 F.2d 383, 385 (8th Cir.), *cert. denied*, 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976). In considering such claims, courts must "review the totality of the facts in the case ... and analyze the fairness of the particular trial under consideration." *Maggitt v. Wyrick*, 533 F.2d at 385.

■ Our review of the present case convinces us that appellant was not denied a fair trial. The state trial court properly struck the witness' remark and instructed the jury to disregard the remark. Moreover, the evidence against appellant was substantial. Appellant has not established that this remark resulted in "gross or conspicuous" prejudice.

Appellant's next claim for relief is that the state trial court violated his sixth amendment confrontation rights by improperly limiting cross-examination of Cadwallader. Appellant sought to introduce evidence that at the time of trial the statute of limitations had expired on the crime of conspiracy to commit murder, the crime with which Cadwallader was charged. Appellant argues that he wanted to show that the state, in exchange for Cadwallader's testimony, had promised to let the statute of limitations expire on the charge against Cadwallader.

■ A defendant has the right to cross-examine witnesses against him, *Douglas v. Alabama*, 380 U.S. 415, 418–19, 85 S.Ct. 1074, 1076–77, 13 L.Ed.2d 934 (1965), and to impeach a witness' credibility by showing that the testimony of a witness is the result of a promise by the government not to prosecute the witness. Such evidence could reveal the witness' possible bias towards the state. *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974). If a witness falsely denies the existence of a leniency agreement, if the prosecutor does not correct the record and if the false testimony has affected the jury's judgment, the conviction must be set aside because it violates due process. *Giglio v. United States*, 405 U.S. 150, 154–55, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *Annunziato v. Manson*, 566 F.2d 410, 414 (2d Cir.1977), *citing United States v. Agurs*, 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976).

■ The state trial court permitted appellant to ask Cadwallader if he had an agreement with the state concerning his testimony and if he knew that the statute of limitations had expired. The district court found that there was no evidence, other than appellant's belief, that the government had promised not to prosecute Cadwallader, that the government had let the statute of limitations expire, or that Cadwallader had knowledge of the effect of the statute of limitations on the charge against him. We conclude that the district court's finding is not clearly erroneous. Because appellant failed to present any evidence of an agreement between the state and Cadwallader, we hold that the restriction on cross-examination for possible wit-

ness bias did not violate appellant's confrontation rights.

Appellant argues lastly that the district court erred in failing to grant him an evidentiary hearing on his habeas corpus petition. Appellant argues that he now has newly discovered evidence—the transcript of the closing argument of the defense—which had not been available to him or to the court at the Rule 27.26 hearing and which appellant argues contradicts counsel's explanation for his failure to introduce or explore an alibi defense.

The district court determined that counsel's closing argument was merely argument on the evidence before the jury and did not contradict counsel's testimony at the Rule 27.26 hearing. The district court also found that the transcript of the closing argument was not newly discovered evidence because appellant's counsel handling the Rule 27.26 motion had received the transcript in time to submit it to the Rule 27.26 court. The district court further found that "there is no evidence that the merits of the factual dispute were not adequately developed and resolved in a full and fair and adequate state court hearing."

A federal district court must hold an evidentiary hearing on the allegations contained in a habeas petition if

(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the statecourt hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Hawkins v. Bennett,* 423 F.2d 948, 950 (8th Cir.1970), *citing Townsend v. Sain,* 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963).

■ We hold that the district court did not err in denying appellant's request for an evidentiary hearing. The Rule 27.26 court considered appellant's claim that his counsel's statement that he had not investigated or offered an alibi defense because appellant admitted meeting with Hudson and Cadwallader was false. The Rule 27.-26 court heard the conflicting testimony of counsel and appellant on this issue and resolved the credibility issue against appellant. Further, the district court found that appellant's assertion that the transcript of the closing argument was newly discovered evidence was not supported by the record. The transcript of the closing argument was not part of the record at the time of the Rule 27.26 hearing. Both parties, however, were granted until March 19, 1981, to file their findings of fact and conclusions of law. A transcript of trial counsel's closing argument was submitted to appellant's Rule 27.26 counsel on February 27, 1981. The Rule 27.26 court did not issue its decision until May 4, 1981. Thus, the district court found that appellant's Rule 27.26 counsel could have submitted the transcript to the Rule 27.26 court.

Accordingly, the judgment of the district court dismissing appellant's habeas petition is affirmed.