David M. HONEA *v.* STATE of Arkansas

CA CR 85-57                                           695 S.W.2d 391

Court of Appeals of Arkansas
Division II
Opinion delivered September 11, 1985

*Clark & Crabtree*, by: *Terry L. Crabtree* and *Jim Clark*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

LAWSON CLONINGER, Judge. In this appeal of his criminal conviction, appellant raises two points for reversal. We are of the opinion that the trial court committed no reversible error, and we therefore affirm its judgment.

Testimony at trial revealed that on August 9, 1983, Officer Pete Adams of the Green Forest Police Department heard on a citizen's band radio appellant's voice asking whether any listener had some "smoking dope" they wished to trade for some "road

dope." No one responded; Officer Adams answered the second call, indicating that he would prefer to buy some "good pills." Appellant replied that he had about thirty to forty "good pills" to sell or, preferably, trade. The two men arranged to meet at the Tyson plant where appellant was employed as a truck driver. Appellant identified his truck by its tractor number, H85, and said he would be sitting in the parking lot by scales facing a road. He then asked Officer Adams if he were a police officer. Adams evaded the question by asking whether the pills for sale were "good pills." Appellant said that he had "good pills" to sell if Adams was not a police officer and told him he would be waiting at the Tyson plant. Once again he identified his tractor number as H85.

When Officer Adams arrived at the rendezvous, he parked his patrol car and approached appellant's truck on foot. Appellant got out of the vehicle and produced, upon request, his driver's license, saying, "I thought you said you weren't a police officer." After searching, handcuffing, and placing appellant in the patrol car, Officer Adams read him his Miranda rights. Appellant then said, "I guess when you find the dope in the truck I'll be going back to the cotton patch." Officer Adams asked him for what he had been imprisoned, and appellant responded that he had been involved in "some activities" in Fort Smith. Adams radioed a request for information on appellant's criminal record.

As the truck was the property of Tyson Foods, Officer Adams sought permission from the assistant manager at the plant, Bill Webb, to search the vehicle. Upon obtaining consent, Adams went into the truck and found in the cab "a black plastic briefcase that was unlocked, not closed totally, and in that briefcase I found a white, small plastic bottle that contained some pills." Appellant was subsequently charged with possession of a counterfeit substance which purported to be amphetamines with intent to deliver and with being an habitual criminal. A jury found him guilty on both charges and he was sentenced to fifteen years imprisonment with five years suspended. From that conviction, this appeal arises.

In his first point for reversal, appellant contends that the trial court commented on a matter of fact in violation of Article 7, § 23 of the Arkansas Constitution. After the jury had begun its

deliberations, the members returned to the courtroom seeking, on behalf of one of their number, clarification of the term "counterfeit substance." The judge offered the following explanation:

> [T]his law makes it a violation of the law, makes it a crime to sell what is not a controlled substance and to sell it under circumstances where you allege or you represent that it is a controlled substance, and so that's what this man is charged with, selling a substance that's not amphetamine and representing it to the people he is selling it to, that it was amphetamine. The Legislature has made that against the law, and that's the reason why that this charge was brought and is being tried, is to determine whether he is guilty or not guilty of exactly that. Now, that's what it is about. Another way of putting it in terms of what the trial was about here is whether this, whether the Defendant represented what he sold to the officer as road dope and whether it was not, and if he did represent it and it was not, then the next question is whether he had it in order, for the purpose of selling it or delivering it and if he did then those are the elements that have to be proven.

Appellant argues that the judge commented on the evidence by equating "road dope," the meaning of which was at issue during the trial, with "amphetamine," a controlled substance. Moreover, appellant urges, the judge assumed the jury's fact-finding function by determining the question of intent to deliver through his incorrect statement that appellant had "sold" a substance to Officer Adams.

We have quoted the judge's remarks at length because it is our opinion that, when viewed in the broader context, the challenged language amounts merely to harmless error. *See Smith* v. *State*, 268 Ark. 282, 595 S.W.2d 671 (1980).

Appellant did not object to the court's remarks at the time they were made. We believe that if an objection had been made, an explanation and admonition to the jury would have removed any possible misconception. In *Bradley* v. *State*, 8 Ark. App. 300, 651 S.W.2d 113 (1983), we held that the failure of the appellant to object to the judge's comment on the evidence precluded our consideration of the matter as a basis for reversal on appeal. We now reaffirm that ruling.

Appellant's second point is that the trial court erred in overruling his motion to suppress evidence obtained in the search of the truck cab. He asserts that the Tyson plant's assistant manager was not entitled to consent to the search. Bill Webb's duties entailed overseeing the general operations of the plant. Appellant insists that because the assistant manager's responsibilities did not specifically include tractors (although they did trailers) he was without authority to grant permission for a search of the cab.

■ Webb testified that he sought advice from his immediate supervisor on the question of authorizing a search and that a dispatcher relayed the message that he was empowered to sign a release form. We are persuaded that Webb was clothed with adequate authority. Rule 11.2 of the Arkansas Rules of Criminal Procedure provides:

> The consent justifying a search and seizure can only be given, in the case of: . . .

> (b) search of a vehicle, by a person registered as its owner or in apparent control of its operation or contents at the time consent is given. . .

As assistant manager of the plant, and the highest-ranking person on the scene, Webb was the truck owner's agent, and as such, was clearly acting within the bounds of his delegated authority in consenting to the search.

And, in the alternative, the search here is justified as a search incidental to a valid arrest. The Supreme Court of the United States discussed this exception to the requirement of a search warrant in *New York* v. *Belton*, 453 U.S. 454 (1981).

In *Belton*, a policeman stopped a car for speeding and in the course of checking the drivers license, smelled burned marijuana. The policeman had the occupants of the car get out at which time he arrested them for possession of marijuana. Following that arrest, the policeman searched the passenger compartment of the car. He found a leather jacket inside the pockets where he found cocaine.

■ The Supreme Court held that a policeman who had made a lawful custodial arrest of the occupant of an automobile

may, as a contemporaneous incident of that arrest, search the passenger compartment of the automobile and may examine the contents of any containers found within the passenger compartment.

Relying on the facts as already presented, the officer here had placed appellant under custodial arrest, which on appeal is presumed to have been legal. *See Thorne* v. *State*, 274 Ark. 102, 622 S.W.2d 178 (1981). Shortly thereafter, the officer conducted the search. As pointed out in *Belton*, the officer was justified in searching the entire passenger compartment of the truck, including any containers found therein. The officer had probable cause both for appellant's arrest and for the search of his automobile. The search was thus not violative of the constitution.

█ █ Appellant's final argument is that the evidence upon which he was convicted was insufficient. In resolving the issue of sufficiency of the evidence in a criminal case, we review the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence to support the verdict. *Mooring* v. *State*, 11 Ark. App. 119, 666 S.W.2d 720 (1984). Substantial evidence is evidence that is of sufficient force and character that it will compel a reasonable mind to reach a conclusion one way or the other, but it must force the mind to pass beyond suspicion or conjecture. *Jimenez* v. *State*, 12 Ark. App. 315, 675 S.W.2d 853 (1984).

█ Our review of the record convinces us that the jury had before it sufficient evidence to warrant a conviction. As the outline of the testimony above indicates, the State was able to show that appellant was attempting to barter or sell pills that he referred to as "road dope" and "good pills." Of the twenty to forty pills found in his possession, some were identical in appearance to pharmaceutical amphetamines, but chemical analysis proved them to contain no controlled substance. Appellant's statements indicating his concern that his contact might be a police officer and his certainty that he would return to prison when the pills were found point to his awareness of the illegal nature of the transaction. Finally, testimony at trial revealed that "road dope" is street jargon for amphetamines. These instances were of sufficient force and character to compel the jurors to the conclusion that appellant was representing his counterfeit substances to

be amphetamines.

Affirmed.

CORBIN and COOPER, JJ., agree.