820 F.2d 1219
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marvin Edward JENNINGS, Petitioner-Appellant,
v.
E.M. GRIZZARD; Mary Sue Terry, Respondents-Appellees.
 No. 86-7361.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 17, 1987.
Decided June 5, 1987.
 
 Before PHILLIPS, MURNAGHAN and WILKINSON, Circuit Judges.
 Harry Franklin Bosen, Jr., Harry F. Bosen, Jr., P.C.; Harline Perrine, on brief, for appellant.
 Mary Sue Terry, Attorney General of Virginia; Linwood T. Wells, Jr., Assistant Attorney General, on brief, for appellees.
 PER CURIAM:
 
 
 1
 Marvin Edward Jennings, convicted in state court for the murder of his wife, brings this appeal from the district court's denial of habeas corpus relief. Jennings takes issue with the district court's conclusion that admission of testimony from Jennings's ex-wife, from other women with whom he had been involved, and from an expert witness did not violate his right to a fundamentally fair trial. We affirm.
 
 
 2
 On May 24, 1983, police officers responding to a report of a suicide at the Jennings residence in Salem, Virginia, found appellant holding a typewritten suicide note signed with the letter "J." Jennings identified the body on the floor as his wife Judith and stated that he had been in the backyard feeding his dogs when he heard a loud noise; he came upstairs and found his wife dead.
 
 
 3
 At Jennings's trial in the Circuit Court for the City of Salem, two witnesses testified that they had been sexually involved with Jennings during the months before his wife's death. They both testified that Jennings had told them that he had no physical relationship with his wife. Jennings's ex-wife Donna testified that Jennings was $3,000 behind in his child support payments and that he had once threatened to kill her and the children.
 
 
 4
 The state trial court could properly have found that the testimony of these three women was relevant to establish that Jennings had a motive for murdering his wife--that his marriage was bad and he could not afford a divorce. Moreover, a federal habeas court does not sit as an appellate tribunal in reviewing the state trial court's assessment of the prejudicial and probative effect of testimony. Rather, the admission of evidence presents a federal question "only in circumstances impugning fundamental fairness or infringing specific constitutional protections." Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir.1960). See also Warden v. Wyrick, 770 F.2d 112, 116 (8th Cir.1985), cert. denied, --- U.S. ----, 54 U.S.L.W. 3411 (Dec. 16, 1985); Machin v. Wainwright, 758 F.2d 1431, 1434 (11th Cir.1985). This is not such a case. Although the evidence was damaging to Jennings's defense, it was relevant and was fairly admitted against him.
 
 
 5
 Jennings also takes issue with the admission of certain testimony given by Dr. David Crown, a retired Chief of the Questioned Documents Laboratory of the Central Intelligence Agency. Dr. Crown testified that the alleged suicide note was typed by someone with three identifiable typing habits; that Jennings had these habits and that Judith did not. He testified that although a definite identification could not be based on these three habits, if the possibilities were reduced to a choice between Jennings and his wife, the typing style would mark Jennings as the typist.
 
 
 6
 Jennings contends that it was extremely prejudicial for Dr. Crown to testify, by reducing the possible choices down to two, that Jennings had typed the note. Jennings further maintains that this testimony was inconsistent with Dr. Crown's statement in his report that the evidential value of the three typing habits was not sufficient to make an unequivocal identification of Jennings as the typist.
 
 
 7
 Jennings did not object when Dr. Crown identified Jennings over Judith as the typist of the note. Having failed to make a contemporaneous objection at trial, Jennings cannot collaterally attack the admission of this testimony absent a showing of cause and prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 8
 Jennings was not prejudiced by admission of the evidence. Dr. Crown's testimony was neither inconsistent with his report nor misleading to the jury. Its admission did not render the trial fundamentally unfair so as to establish prejudice under Wainwright or a violation of the due process clause.
 
 
 9
 The district court's denial of habeas relief is affirmed. We dispense with oral argument because the facts and legal contentions are adequately developed in the briefs and other materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.