**John Andrew WARD, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Dept. of Correction, Appellee.**

87–1341.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1987.

Decided March 9, 1988.

Nelwyn L. Davis, Little Rock, Ark., for appellant.

William F. Knight, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before McMILLIAN, Circuit Judge, ROSS, Senior Circuit Judge, and BOWMAN, Circuit Judge.

ROSS, Senior Circuit Judge.

John Andrew Ward, an Arkansas state prisoner serving a thirty-year sentence for burglary and theft of property, appeals the denial of his pro se petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. He argues on appeal that there was insufficient evidence to support his burglary conviction. Ward also asserts, for the first time, that he was denied effective assistance of counsel at the trial court level and that he was wrongfully sentenced as a habitual offender. We reverse and remand for further proceedings.

In 1982, Ward, age 21, was charged by information with burglary and theft of property in connection with the break-in of Wonder Junior High School in West Memphis, Arkansas. Musical instruments and shop tools, valued at approximately $2,500, were stolen from the school sometime between lock-up on Friday, February 5, 1982, and discovery of the theft on Monday, February 8, 1982. Three of the stolen musical instruments were found in Ward's possession on February 8th, as he attempted to sell them at a local pawn shop.

On the date of trial, without objection from Ward's attorney, the state prosecutor amended the information, charging Ward as a habitual offender under the Arkansas habitual offender statute, Ark.Stat.Ann. § 41–1001 (Repl.1977), *amended and recodified at* Ark.Code Ann. § 5–4–501 (1987).[1] Following trial, the jury convicted Ward and sentenced him as a habitual offender to thirty years on the burglary charge and to ten years on the theft count. These terms were ordered to be served concurrently. Ward later appealed his burglary conviction on the grounds of insufficient evidence. The Arkansas Court of Appeals and Arkansas Supreme Court affirmed the conviction, however, in split decisions. *Ward v. State,* 8 Ark.App. 209, 649 S.W.2d 849 (vote of three-to-three), *aff'd,* 280 Ark. 353, 658 S.W.2d 379 (1983) (vote of five-to-two).

Ward later filed this pro se petition for habeas relief, claiming that the evidence produced at trial was insufficient to support his burglary conviction. The petition was reviewed by the United States magistrate. The magistrate found that Ward's possession of some of the stolen instruments, in addition to other circumstantial evidence, served to link Ward to the burglary. Viewing the evidence in the light most favorable to the prosecution, the magistrate concluded that Ward was not entitled to relief. Thereafter, the district court summarily adopted the magistrate's findings and dismissed the petition.

With the assistance of new counsel, Ward now appeals the dismissal of his petition, and raises for the first time issues of ineffective assistance of counsel at the trial court level and improper sentencing under the habitual offender statute.

**Sufficiency of the Evidence**

■ Ward argues that he is entitled to habeas relief because the evidence was insufficient to establish all the essential elements of burglary. He essentially relies upon *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), and its progeny, in which the Supreme Court has held that due process requires the state to prove beyond a reasonable doubt every essential element of the crime charged. Under Arkansas law, "A person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment." Ark.Stat.Ann. § 41–2002(1) (Repl.1977), *amended and recodified at* Ark.Code Ann. § 5–39–201 (1987). Both entry into a building and specific criminal intent are essential elements of the crime of burglary. *Norton v. State,* 271 Ark. 451, 609 S.W.2d 1, 3 (1980); *Selph v. State,* 264 Ark. 197, 570 S.W.2d 256, 259 (1978).

Specifically, Ward argues that the state failed to establish the essential element of entry. He argues that the prosecution

---

1. The amended information stated that Ward had four previous felony convictions, three of which were obtained on September 20, 1976 for breaking and entering and theft of property when Ward was a juvenile. The fourth conviction was obtained July 10, 1980 on similar charges.

failed to produce evidence, direct or otherwise, proving that he was inside or anywhere near the junior high school during the period in which the burglary occurred. He contends that the circumstantial evidence presented in this case supports nothing more than a finding of theft by receiving of stolen goods.

At the outset, we recognize that our review of the sufficiency of the evidence in this habeas proceeding is governed by the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In *Jackson*, the Supreme Court held that the relevant inquiry, for due process purposes, on review of the sufficiency of the evidence is:

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Woodby v. INS*, 385 U.S. [276], at 282 [87 S.Ct. 483, 486, 17 L.Ed.2d 362 (1966)] (emphasis added). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Johnson v. Louisiana*, 406 U.S. [356, 362, 92 S.Ct. 1620, 1624–25, 32 L.Ed.2d 152 (1972)].

*Id.* at 318–19, 99 S.Ct. at 2788–89 (footnote omitted).

We are also cognizant that a state appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled great deference by the federal courts. *Id.* at 323, 99 S.Ct. at 2791. Nonetheless, where a state conviction has been secured at the expense of a constitutional right, it is this court's obligation, pursuant to section 2254, to provide habeas corpus relief. *Id.; Watson v. Nix*, 551 F.Supp. 1, 8–9 (S.D.Iowa), *aff'd*, 696 F.2d 1000 (8th Cir.1982).

With these principles in mind, we consider the evidence produced at trial in this case. It is undisputed that Ward was found in possession of four musical instruments, three of which were determined to have been stolen from Wonder Junior High School, West Memphis, Arkansas, sometime between lock-up at 5:00 p.m. on Friday, February 5, 1982, and discovery of the theft on Monday morning, February 8, 1982. Ward was found in possession of these items on Monday morning, February 8th, as he attempted to sell them at a pawn shop in Memphis, Tennessee, just across the state border from West Memphis, Arkansas. A Memphis police officer who was assigned to the pawn shop squad and was called to the pawn shop in question, testified that he asked Ward for credentials or proof of ownership for the instruments. Ward told him that he belonged to a band which had disbanded and that the instruments belonged to him. Upon further questioning, Ward indicated that he had some credentials in his car. The officer then permitted him to retrieve them, but instead of returning with the credentials, Ward sped away in his car. Because the police officer was able to record a partial license plate number, the police later located the car, with its license plate removed, at a house where Ward was staying. During interrogation by West Memphis police, Ward denied having gone to the pawn shop in Memphis on February 8, 1982, claiming that he was at work that day.

At trial, the prosecution established through payroll records that Ward did not in fact report to work on February 8th. It also established through identification witnesses that Ward was the person who attempted to pawn the instruments in Memphis on February 8th. Beyond possession of the instruments, however, the prosecution did not produce any evidence connecting Ward to the scene of the burglary.

At trial, Ward admitted that he attempted to pawn the instruments in Memphis. He maintained, however, that he did not know the instruments were stolen. He claimed that a co-worker, by the name of "Gate," found the instruments in a bag in a dumpster at approximately 3:45 p.m. on Friday, February 5, 1982, while they were working for the West Memphis Sanitation Department. Ward testified that when

Gate indicated he did not know how to sell the instruments, he (Ward) agreed to try to sell them for him.[2]

Ward testified that he first tried to sell the instruments at Moore's Pawnshop in West Memphis, but was told the instruments were no good. He then drove to the pawn shop in Memphis, Tennessee. Ward stated that when a Memphis police detective began asking questions and told him to get proof of ownership, he got in his car and drove back to West Memphis.

Although there was no direct evidence connecting Ward to the scene of the burglary, the Arkansas Court of Appeals and the Supreme Court concluded that there was sufficient circumstantial evidence to support Ward's burglary conviction. The Supreme Court partially relied upon prior case law holding that possession of recently stolen property is prima facie evidence of guilt of both burglary and larceny, unless satisfactorily explained to a jury. "Possession * * *, not satisfactorily explained to a jury, is sufficient to support a verdict of guilt of both the burglary and larceny, even though there is no other evidence to show that the possessor had committed the crimes with felonious intent, either in person or by being present aiding, abetting and assisting another." *Williams v. State*, 258 Ark. 207, 523 S.W.2d 377, 379 (1975). *See also Boone v. State*, 264 Ark. 169, 568 S.W.2d 229, 230 (1978) (en banc). Aside from Ward's possession of the stolen instruments, the state appeals courts considered Ward's flight from the Memphis pawn shop, his contradictory statements to police officers concerning his ownership of the instruments and presence at the Memphis pawn shop, and his "implausible" testimony as to how he came into possession of the instruments, as additional empirical evidence from which the jury could reasonably infer guilt as to the charge of burglary.

It is well established that the due process clause of the fourteenth amendment requires that the prosecution prove beyond a reasonable doubt every essential element

of the crime charged. *In re Winship, supra*, 397 U.S. at 364, 90 S.Ct. at 1072; *Patterson v. New York*, 432 U.S. 197, 215, 97 S.Ct. 2319, 2329, 53 L.Ed.2d 281 (1977); *Small v. State*, 5 Ark.App. 87, 632 S.W.2d 448, 449–50 (1982). In the instant case, in order to prove the crime of burglary, the state was required to prove beyond a reasonable doubt that Ward unlawfully entered the school building in question with the intent to commit an offense punishable by imprisonment, Ark.Stat.Ann. § 41–2002(1), or that he was an accomplice in the commission of the same. *Bradley v. State*, 8 Ark.App. 300, 651 S.W.2d 113, 116 (1983). Thus, the question before us is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that it was Ward who made the unlawful entry into the school and that he did so with the intent to commit theft, or that he acted as another's accomplice. *Jackson v. Virginia, supra*, 443 U.S. at 319, 99 S.Ct. at 2789.

■ Upon the record evidence presented here, we must answer the question in the negative. While the evidence was clearly sufficient to support a conviction for theft of property or theft by receiving, we find that it was not sufficient to permit a legal inference that Ward was also guilty of burglary. Ward's possession of three of the ten stolen instruments, his flight from the pawn shop, his call to West Memphis police to determine whether any instruments had been reported stolen, and his lying to police about his ownership of the instruments and presence at the pawn shop were all consistent with the charge of theft and Ward's prior trouble with the law. They were not, however, sufficient to establish the essential element of entry. In addition, Ward's own testimony, though apparently disbelieved by the jury, failed to provide any further support in establishing the requisite elements. The evidence as a whole failed to provide even a scintilla of

---

**2.** Ward's co-worker, Gate, died prior to Ward's trial, and thus was unavailable to the defense in

this case.

proof showing that Ward burglarized the school. Without that essential proof, we must conclude that the jury exceeded the bounds of legitimate inference, and engaged in speculation in finding Ward guilty on that count. Therefore, Ward's burglary conviction must be reversed and the writ granted.

### Remand for Evidentiary Hearing

■ Ward next asks this court to remand the case to the district court for an evidentiary hearing on his claims of ineffective assistance of counsel and improper sentencing under the Arkansas habitual offender statute, Ark.Stat.Ann. § 41–1001, issues which were not raised in his pro se petition. The general rule is that this court will not consider issues not raised in the district court. *Beavers v. Lockhart*, 755 F.2d 657, 662 (8th Cir.1985). However, we have previously recognized that exceptions to the rule are permitted where injustice might otherwise result. *Id.* In *Beavers, supra,* this court permitted an ineffective assistance of counsel claim, not raised before the district court, because the appellant's petition for writ of habeas corpus was filed pro se and the relief sought, i.e., remand for an evidentiary hearing, did not deprive the parties of the opportunity to present evidence on the issue. *Id.* Similarly, in the present case Ward proceeded pro se before the district court and the relief he seeks on appeal is a remand to the district court for an evidentiary hearing on these claims. Under the circumstances, we think this is a proper case in which to consider whether there is sufficient cause to remand these issues for an evidentiary hearing.

■ In support of his ineffective assistance claim, Ward argues that his attorney, who represented him at both the trial and appeal stages, failed to adequately defend him at the trial level in a number of ways. Specifically, he contends that his attorney: (1) failed to object to the "eleventh hour" amendment to the information on the day of trial, which charged him as a habitual offender on the basis of four prior felony convictions; (2) failed to request a continuance and to investigate whether three of his prior convictions, which were obtained as a juvenile, should have been expunged from his record; (3) prejudiced his defense by informing the jury of his prior convictions during opening statements; (4) failed to demand that the prosecution prove his prior convictions, as required by Ark.Stat. Ann. § 41–1003 (Supp.1985), *amended and recodified at* Ark.Code Ann. § 5–4–504 (1987);[3] and (5) failed to demand that if Ward was to be tried as a habitual offender that the trial be bifurcated, as required by Ark.Stat.Ann. § 41–1005 (Supp.1985), *amended and recodified at* Ark.Code Ann. § 5–4–502 (1987).[4]

---

3. Ark.Stat.Ann. § 41–1003 provides:

A previous conviction or finding of guilt of a felony may be proved by any evidence that satisfies the trial court beyond a reasonable doubt that the defendant was convicted or found guilty. The following are sufficient to support a finding of a prior conviction or finding of guilt:

(1) a duly certified copy of the record of a previous conviction or finding of guilt by a court of record; or

(2) a certificate of the warden or other chief officer of a penal institution of this State or of another jurisdiction, containing the name and fingerprints of the defendant, as they appear in the records of his office; or

(3) a certificate of the chief custodian of the records of the United States Department of Justice, containing the name and fingerprints of the defendant as they appear in the records of his office.

4. Ark.Stat.Ann. § 41–1005 provides:

The following procedure shall govern trials at which a sentence to an extended term of imprisonment is sought pursuant to Section 1001 [§ 41–1001]:

(1) The jury shall first hear all evidence relevant to the felony with which defendant is currently charged and shall retire to reach a verdict of guilt or innocence on this charge.

(2) If the defendant is found guilty of the felony, the trial court, out of the hearing of the jury, shall hear evidence of the defendant's previous felony convictions or previous findings of the defendant's guilt of felonies and shall determine the number of prior felony convictions, if any. Defendant shall have the right to hear and controvert such evidence and to offer evidence in his support.

(3) The trial court shall then instruct the jury as to the number of previous convictions and the statutory sentencing range. The jury may be advised as to the nature of the previous convictions and the date and place thereof. The jury shall retire again and then determine a sentence within the statutory range.

With respect to his claim that he was improperly sentenced as a habitual offender under Ark.Stat.Ann. § 41–1001, Ward argues (1) that the prosecution failed its burden of proving his prior convictions, as required under Ark.Stat.Ann. § 41–1003, and (2) that three of the four prior felony convictions listed on the amended information should have been expunged from his record, because they were obtained in 1976 when he was a juvenile.

Having thoroughly reviewed the record and the caselaw cited by the petitioner, we believe there is sufficient cause to remand both of these issues to the district court for an evidentiary hearing.

## Conclusions

Because we hold that Ward's burglary conviction was obtained in violation of his fourteenth amendment right to due process, we reverse the district court's dismissal of the petition for writ of habeas corpus and remand the cause with instructions to grant the writ, setting aside Ward's burglary conviction. In addition, the district court is requested to permit Ward to amend his petition regarding his claims of ineffective assistance of counsel and improper sentencing under the habitual offender statute, and to allow the parties to present evidence as to these allegations if the appellant is to remain incarcerated under the theft charge.[5]

Reversed and remanded with instructions.

---

5. In addition to the issues raised by petitioner, we note that the district court may wish to consider whether Ward's 1976 burglary and theft convictions should have been consolidated into one conviction, pursuant to Ark.Stat.Ann. § 41–1001(3) (Repl.1977), for purposes of sentencing under the habitual offender statute. Ark.Stat.Ann. § 41–1001(3) provides:

For the purpose of determining whether a defendant has previously been convicted or found guilty of two [2] or more felonies, a conviction or finding of guilt of burglary and of the felony that was the object of the burglary shall be considered a single felony conviction or finding of guilt.