Howard Wayne JONES, Appellant,

v.

A.L. LOCKHART, Director, Arkansas
Department of Correction, Appellee.

No. 87-2454.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1988.

Decided July 15, 1988.

Robert S. Irving, Little Rock, Ark., for
appellant.

J. Blake Hendrix, Little Rock, Ark., for
appellee.

Before ARNOLD, Circuit Judge,
FLOYD R. GIBSON and HENLEY,
Senior Circuit Judges.

PER CURIAM.

Howard Wayne Jones appeals from a
judgment of the district court[1] denying his
petition for a writ of habeas corpus
brought pursuant to 28 U.S.C. § 2254. We
affirm without prejudice to a subsequent
petition.

On October 23, 1979 appellant pleaded
guilty in Arkansas state court to two
counts of aggravated robbery and one
count of theft of property. Appellant's
trial counsel stipulated that appellant had
four previous felony convictions. Appel-
lant was sentenced on November 2, 1979 to
two fifty-year terms of imprisonment and
one twenty-year term, all three to run con-
currently.

On May 6, 1980 appellant filed a motion
to withdraw his plea of guilty and for a
new trial. Ark.R.Crim.P. 26 & 37. Appel-
lant's motion was denied and his subse-
quent appeal was dismissed as untimely.
Appellant renewed his motion on March 15,
1983. The motion was again denied. Ap-
pellant again appealed and the Arkansas
Supreme Court remanded the case and
counsel was appointed for appellant. On
remand an evidentiary hearing was held to
consider appellant's claims of ineffective
assistance of counsel and the voluntariness
of his guilty plea. The circuit court found
no basis for appellant's claims and Jones

1. The Honorable John F. Forster, Jr., United
States Magistrate, Eastern District of Arkansas.

appealed. Jones' appointed counsel filed an *Anders* brief [2] in the appeal. The Arkansas Supreme Court affirmed the decision of the circuit court.

On December 19, 1986 appellant filed a pro se petition for a writ of habeas corpus in the district court. *See* 28 U.S.C. § 2254. Appellant asserted, *inter alia,* ineffective assistance of counsel and that his guilty plea was involuntary. Following an evidentiary hearing the district court found that appellant's counsel was not ineffective under the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and denied the petition. This appeal followed.

■ In addition to the claims raised in the district court, appellant, with the benefit of appointed counsel,[3] seeks to raise issues which were not asserted in the district court.[4] It is axiomatic that failure to present an issue in the district court precludes later appellate consideration of that issue. *Warden v. Wyrick,* 770 F.2d 112, 114 (8th Cir.), *cert. denied,* 474 U.S. 1035, 106 S.Ct. 600, 88 L.Ed.2d 579 (1985). An exception to this rule exists, however, when a denial of review would be fundamentally unfair or result in injustice. *Ryder v. Morris,* 752 F.2d 327, 332 (8th Cir.), *cert. denied,* 471 U.S. 1126, 105 S.Ct. 2660, 86 L.Ed.2d 276 (1985). We have found injustice to exist where the habeas petitioner was unrepresented in the district court and is seeking relief in the form of a remand to present evidence on the newly raised claim.

*Beavers v. Lockhart,* 755 F.2d 657, 663 (8th Cir.1985).

■ And recently another panel of this court has allowed a pro se habeas corpus petitioner to challenge on appeal his sentence under the Arkansas recidivist statute even though he did not raise the issue in his pro se petition in the district court. *Ward v. Lockhart,* 841 F.2d 844, 848 (8th Cir.1988). As in *Ward,* there may be sufficient cause to remand this case for further proceedings on appellant's claims arising out of his sentence as an habitual offender.

Appellant argues in support of his ineffective assistance of counsel claim that his trial counsel failed to properly investigate his prior felonies and should have insisted that the state carry its burden of proving the validity of the prior convictions. We found these same arguments, among others, availing in *Ward. Id.*[5]

Appellant's second argument raised for the first time on appeal is that he was denied due process of law because he was not given notice of the prior convictions that would be used to enhance his sentence and that his trial counsel stipulated to those prior convictions. Due process requires that defendant receive real notice of the nature of the charge to which he is pleading guilty. *Henderson v. Morgan,* 426 U.S. 637, 645, 96 S.Ct. 2253, 2257–58, 49 L.Ed.2d 108 (1976). Appellant contends that he was not informed as to the nature of the prior convictions being used to enhance his sentence. This raises a genuine

2. An *Anders* brief derives its name from *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which the Supreme Court outlined the extent of briefing required when counsel finds the appeal to be frivolous. *Id.* at 744, 87 S.Ct. at 1400.

3. We express our gratitude to appointed counsel for his able briefing and arguing of this case.

4. Appellant argues on appeal for the first time that trial counsel's stipulation to the four prior felony convictions at sentencing denied Jones due process of law and amounted to ineffective assistance of counsel.

5. While petitioner does not specifically argue on appeal how these alleged deficiencies on the part of trial counsel prejudiced him, *see Strick-*

*land,* 466 U.S. at 687, 104 S.Ct. at 2064 (to make out a claim of ineffective assistance of counsel, trial counsel's conduct must be both deficient and result in prejudice to the defendant), there is an indication in the briefs that one or more of his convictions may have occurred when Jones was a juvenile. In *Ward,* we found the failure to investigate whether juvenile convictions should have been expunged to be a cause for remand for further evidentiary hearing. *Ward,* 841 F.2d at 848. Furthermore, in *Ward,* we did not discuss whether the requisite *Strickland* showing of cause and prejudice had been made, but remanded so the record could be properly developed. *Id.* at 849.

factual issue of whether appellant received actual notice of the precise nature of the charge against him.

We have previously held that it is a violation of due process for trial counsel to stipulate to prior felony convictions under an enhancement statute unless the defendant voluntarily and knowingly agreed to the stipulation. *Cox v. Hutto*, 589 F.2d 394, 396 (8th Cir.1979). An erroneous stipulation is presumed prejudicial. *Id.* The sentencing transcript material appended to appellant's brief indicates that the trial court made no inquiry into Jones' assent to the stipulation. Accordingly we believe some further inquiry into appellant's due process claim may be necessary.

Jones also appeals from the decision of the district court denying his petition for habeas relief based upon the arguments actually raised in the district court. We find the decision of the district court in this regard to be based on factual findings supported by the record.

In light of the foregoing, it is arguable that remand is necessary for full consideration of issues raised for the first time on appeal and indeed judicial economy may indicate such a course. However, the State urges that if such issues are to be considered, we should not remand but should dismiss without prejudice to refiling. Counsel for the respondent appears to be apprehensive that on a remand defense ground might be less broad than in a new proceeding. And it may be true as well that in a new proceeding in the district court petitioner may be able to present his case in a more orderly and effective manner or indeed may choose not to prosecute some of the claims herein mentioned.

We do not find the remand result an absolute in all circumstances nor do we stop for full analysis of respondent's argument with respect to defensive ground. Rather, in light of uncertainty as to the future course of proceedings, if any, in the district court and in the interest of peace at this juncture, we adopt the State's conditional concession that dismissal without prejudice may be ordered. Thus, the decision of the district court with respect to the issues raised by Jones in the district court is affirmed without prejudice to a new petition raising the issues urged by Jones for the first time on appeal.

FLOYD R. GIBSON, Senior Circuit Judge, concurring.

I concur with the majority that an injustice *may* result if Jones is foreclosed from raising his due process and ineffective assistance of counsel arguments, but write separately to express my dissatisfaction with appellate counsel's treatment of the latter issue. Counsel argued that "[t]he failure of the defense attorney to investigate Appellant's prior felony convictions and to determine their validity for purposes of sentence enhancement constituted ineffective assistance." Yet, counsel has not so much as alleged that any of Jones's prior convictions are invalid. Before raising this issue appellate counsel should have investigated whether his argument was supported by the facts. To be sure, if one or more of the prior convictions are found to be invalid it would be fundamentally unfair to deny relief unless the remaining valid convictions are sufficient in number to trigger the enhancement statute; but on the other hand, if Jones's next petition is denied because the prior convictions are valid, there will have been a monumental waste of judicial resources. In Jones's next petition counsel should state with particularity the reasons why one or more of the prior convictions are invalid.