UNITED STATES of America,
Appellant,

v.

Robert O'MALLEY, Appellee.

No. 87–2524.

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1988.

Decided Aug. 1, 1988.

Rehearing and Rehearing En Banc
Denied Sept. 28, 1988.

Irl B. Baris, St. Louis, Mo., for appellant.

Steven E. Holtshouser, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and NICHOL,* Senior District Judge.

BRIGHT, Senior Circuit Judge.

A grand jury charged Defendant with two counts of mailing photographs depicting a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1) (Supp. IV 1986). Defendant waived his right to a jury trial and the case was submitted to the district court on the basis of a joint written statement of stipulated facts. The district court found Defendant guilty on both counts and sentenced him to probation for five years, subject to the condition that he participate in a mental health program. On appeal, Defendant argues that the statute is unconstitutionally vague, and challenges a number of the district court's factual findings. We are unpersuaded by Defendant's arguments, and consequently affirm the district court.

* The HONORABLE FRED J. NICHOL, Senior United States District Judge for the District of South Dakota, sitting by designation.

## I. FACTS

In October of 1985, United States Postal Inspector Hartman placed an advertisement in a sexually-oriented printed newsletter. The advertisement read:

> Widowed Mother 34, interested in sharing friendship, youth development & experiences with others who share my fondness for animal training & unusual erotic & sensual pleasures. Cum & join the fun! Love to hear from you. I own a dog. Write: KARIN, * * *.

Defendant responded to the advertisement, unknowingly initiating correspondence with Postal Inspector Hartman who played the roles of Karin and her two children, Terri and Eric. In his first letter, Defendant introduced himself as a "man who has been fascinated by animal and other kinds of unusual sex activity for many years" and stated that he'd "be interested in knowing about your child or children."

Postal Inspector Hartman, posing as Karin, responded with a one-page letter describing herself and her two children, Eric and Terri, ages twelve and nine—and stating that their favorite activity is "family fun."

Defendant's next letter to Karin inquired of Eric and Terri's sexual development and suggested a weekend visit after they became better acquainted.

In his next missive, Defendant sent a photo of a man with an erect penis and stated he'd "love to see photos of all of you."

In the ensuing exchange, Defendant detailed his experiences with a number of children at a nudist camp several years before, and noted that during his stay he became involved with an eleven-year-old girl. He also began corresponding with "Eric" and "Terri" directly, including in one letter a polaroid of his naked abdomen and lower body. Ultimately, Postal Inspector Hartman, writing as Terri, expressed her enjoyment of the pictures Defendant had already sent and requested more.

In response, Defendant sent Terri an unsealed envelope containing two photographs. One photo (picture no. 1), the subject of Count I of the indictment, depicts a frontal view of the head and chest of a young girl with braces on her teeth lying on her back. The picture also includes a depiction of a man's legs, right hand, male organ and groin area, and the girl in the photo appears to have performed, or is about to perform oral sex with the male. The Defendant described the photo as a twelve-year-old girl engaging in oral sex with "her mother's boyfriend."

Postal Inspector Hartman, writing as Terri, responded to this mailing, again stating that she enjoyed the pictures and requesting more. Defendant then sent Karin a sealed envelope addressed to Terri with a photograph (picture no. 2) which is the subject of Count II of the indictment. That photograph shows the back and left side of a very young girl above the waist. The girl is wearing no shirt and is holding a man's penis with both hands. The picture depicts the man's stomach, left hand, thighs and groin area. Defendant, describing the photo, indicated, in most graphic terms, that the "little girl" in the picture "[y]ounger than you" would enjoy very erotic activities with the male organ.

Eleven days after Defendant sent the second photo, he was arrested and thereafter indicted.

## II. DISCUSSION

### A. Unconstitutionality of 18 U.S.C. § 2256(2)(E) [1]

 18 U.S.C. § 2252 prohibits the use of the mails to transmit material depicting minors engaged in "sexually explicit conduct." 18 U.S.C. § 2252(a)(1)(A). Sexually explicit conduct is defined in five ways.[2]

---

**1.** Section 2256, the definitional section of the statute, was previously numbered 2255, and, in fact, Defendant refers to this prior numbering scheme in his appellate brief, filed in 1987. For the sake of clarity, we note that the Child Protection Act of 1984, 18 U.S.C. § 2251, *et seq.* was amended in 1986, resulting in the renumbering of section 2255 to 2256.

**2.** " '[S]exually explicit conduct' means actual or simulated—(A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-

The district court here found both pictures no. 1 and no. 2 to fall within the fifth definition, "lascivious exhibition of the genitals or pubic area of any person[.]" 18 U.S.C. § 2256(2)(E). Because the statute fails to define the word "lascivious," Defendant argues the statute is unconstitutionally vague.

This court considered similar arguments in the consolidated case of *United States v. Freeman & Bass*, 808 F.2d 1290 (8th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 1384, 94 L.Ed.2d 697 (1987). In upholding the Act, we reiterated the Supreme Court's admonition that " ' * * * [T]he Constitution does not require impossible standards'; all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices * * * [.]' " *Id.* at 1292 (quoting *Roth v. United States*, 354 U.S. 476, 491, 77 S.Ct. 1304, 1312, 1 L.Ed.2d 1498 (1957)). We determine that the statute's bar against mailings depicting minors involved in the "lascivious exhibition of the genitals * * * of any person" provides notice to individuals guided by common understanding and practice that mailing a photo showing a minor sexually engaged with the bared genitalia of an adult male is illegal. As in *Freeman*, we reject Defendant's constitutional challenge.

**B. Sufficiency of the Evidence**

Defendant further challenges several district court findings of fact. Specifically, he argues that the district court erred in finding: (1) that pictures no. 1 and no. 2 involved the use of a minor engaging in actual or simulated sexually explicit conduct; (2) that the "minors" in the offending pictures were, in fact, under the age of eighteen; and (3) that Defendant was not entrapped by the postal officer.

■ We note initially that where a defendant waives his right to a jury and the case is tried to the court, we review those district court factual findings that are determinative of the ultimate question of guilt under a sufficiency of the evidence standard. This standard inquires "whether or not there is substantial evidence, taking the view most favorable to the government, to support the fact determination by the trial court." *Clinkscale v. United States*, 729 F.2d 940, 942 (8th Cir.1984); *United States v. Marley*, 549 F.2d 561, 563 (8th Cir.1977) (citation omitted).

■ A close scrutiny of the pictures at issue fully supports the district court findings that the photos depict persons as minors, who are in fact minors, engaged in reprobate conduct under the statute.[3] As to entrapment, Defendant argues that he was entrapped both as a matter of fact and as a matter of law. The principal inquiry where a defend-

---

anal, whether between persons of the same or opposite sex; (B) bestiality; (C) masturbation; (D) sadistic or masochistic abuse; or (E) lascivious exhibition of the genitals or pubic area of any person[.]" 18 U.S.C. § 2256(2) (Supp. IV 1986).

3. Defendant advances three arguments that the sending of the photos do not violate the law. First, Defendant argues that neither picture portrayed "lascivious exhibition of the genitals" for the purposes of 18 U.S.C. § 2256(2)(E) because the law requires the exhibition of the genitals or pubic area of a minor. Second, Defendant asserts that picture no. 1 does not depict "oral-genital" intercourse because it does not reveal contact between the individuals presented. Thus, any finding of illegal conduct, he argues, would have to rely upon speculation and conjecture. Third, Defendant maintains that the Government failed to prove that the "minors" in the offending pictures were, in fact, under the age of 18.

Addressing these arguments sequentially, we note, first, that the plain language of the statute, prohibiting material portraying minors engaged in conduct which includes the "lascivious exhibition of the genitals or pubic area *of any person*," belies Defendant's first argument. Second, little conjecture is needed to find at least simulated oral-genital intercourse when an adult male is depicted as ejaculating into the mouth of a minor female. Finally, the district court was entitled to consider the Defendant's own descriptions that each girl in each picture was young, and the characteristics of each in the photo suggested young age. The female in picture no. 1 wore braces while the subject in picture no. 2 appeared diminutive in all her bodily proportions. In reviewing the evidence in the light most favorable to the Government, we can only conclude that sufficient evidence exists to support the district court's factual determinations.

ant alleges entrapment, as a matter of fact, is " 'whether the government agent caused or induced the defendant to commit a crime he was not otherwise predisposed— i.e., willing and ready—to commit whenever a propitious opportunity arose.' " *United States v. Dion,* 762 F.2d 674, 685 (8th Cir. 1985), *rev'd in part on other grounds,* 476 U.S. 734, 106 S.Ct. 2216, 90 L.Ed.2d 767 (1986) (quoting *United States v. Lard,* 734 F.2d 1290, 1293 (8th Cir.1984)); *see also United States v. Resnick,* 745 F.2d 1179, 1186 (8th Cir.1984). Defendant's predisposition to send pictures through the mail in violation of section 2256 is a question of fact, the determination of which falls properly within the district court's province. While this determination could certainly have been resolved differently, it is not our function as a reviewing court to reverse based on a recognition of alternate possibilities. *See United States v. Shahane,* 517 F.2d 1173 (8th Cir.), *cert. denied,* 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 124 (1975). Viewing the alacrity with which Defendant initiated his pictorial mailings to "Karin" and "Terri," we cannot say that the district court's finding as to Defendant's predisposition fails to meet our sufficiency of the evidence review.

■ Our finding that Defendant was not entrapped as a matter of fact forestalls Defendant's claim that he was entrapped as a matter of law because a finding of predisposition places on a defendant a heavy burden of proving outrageousness on the part of the government, a requirement for establishing entrapment as a matter of law. *See United States v. Irving,* 827 F.2d 390, 392 (8th Cir.1987) ("In no event * * * can the defense of entrapment 'ever be based upon governmental misconduct in a case ... where the predisposition of the defendant to commit the crime was established.' ") (quoting *Hampton v. United States,* 425 U.S. 484, 488–89, 96 S.Ct. 1646, 1649, 48 L.Ed.2d 113 (1976)). As this court stated in *United States v. Quinn,* 543 F.2d 640 (8th Cir.1976), if a person is predisposed to commit an offense, "it may safely be said that investigative officers and agents may go a long way in concert with the individual in question without be-

ing deemed to have acted so outrageously as to violate due process or evoke the exercise by the courts of their supervisory powers so as to deny to the officers the fruits of their misconduct." *Id.* at 648 (citation omitted). The Government's behavior here cannot be deemed so outrageous as to violate due process. *See Quinn,* 543 F.2d at 648.

Affirmed.