———————

No. 95-2033

———————

Johnny Lee Hill,                        *
                                        *
     Plaintiff-Appellant,               *
                                        *
     v.                                 *  Appeal from the United States
                                        *  District Court for the Eastern
Larry Norris, Director,                 *  District of Arkansas
Arkansas Department                     *
of Correction,                          *
                                        *
     Defendant-Appellee.                *


———————

Submitted:  June 12, 1996

Filed:  September 24, 1996
———————

Before WOLLMAN, FLOYD R. GIBSON, and MORRIS SHEPARD ARNOLD,
     Circuit Judges.

———————

FLOYD R. GIBSON, Circuit Judge.


     Johnny Lee Hill was convicted in state court in Arkansas of the
felony murder of Gary Sturdivant, who lived near Malvern, Arkansas.  Mr.
Hill's conviction was upheld by a divided court on direct appeal, see Hill
v. State, 773 S.W.2d 424 (Ark. 1989), and on petitions for postconviction
relief, see Hill v. State, 1991 WL 184217 (Ark. Sept. 16, 1991) (per
curiam), and for correction of sentence, see Hill v. State, 1990 WL 6900
(Ark. Jan. 29, 1990) (per curiam).  He applied for habeas corpus relief
under 28 U.S.C. § 2254(a), which was denied.  Mr. Hill appeals that denial.
We affirm.

## I. BACKGROUND

We summarize the evidence presented at Mr. Hill's trial in a light most favorable to the verdict. Several people saw Mr. Hill hitchhiking southwest on I-30 in the Malvern area on the night of May 23, 1987. The latest sighting was about 10:15 p.m. Between 11:00 p.m. and midnight, a neighbor saw Mr. Sturdivant's car arrive at his house, followed by a pickup truck with three men in it. All four people went into Mr. Sturdivant's house. Both vehicles were gone at 9:00 a.m. the next morning, and there were skid or scuff marks in the yard, making it appear that someone had left in a vehicle very quickly.

Mr. Sturdivant was killed between 3:00 a.m. and 4:00 a.m. on May 24, 1987. After a struggle, he was tied up; he strangled from one of the electric cords used to tie him. Although the medical examiner could not state the precise time of death, Mr. Sturdivant died closer to midnight than to 7:30 a.m. Various items were stolen from Mr. Sturdivant's house, including a rifle, some tools, and a stereo. All of the stolen items would have fit into the trunk of Mr. Sturdivant's car.

At 4:19 a.m., someone used Mr. Sturdivant's Visa card at a convenience store on I-30 about 25 miles southwest of Malvern. The signature on the charge slip read "Stevie M. Sturdivant," although the name on the Visa card was "Gary L. Sturdivant." Someone used that Visa card four more times between that convenience store and Dallas, Texas, on that same day, each time signing "Stevie M. Sturdivant" on the charge slip. A handwriting sample given later by Mr. Hill showed signs of deception.

Between 4:30 a.m. and 5:00 a.m., two truck drivers saw Mr. Hill driving Mr. Sturdivant's car on I-30 about 45 miles southwest of Malvern. Mr. Hill was driving very fast and erratically. At a rest stop, Mr. Hill told the truck drivers that he had been

drinking after a friend's funeral in Little Rock. Mr. Hill did not, however, appear to be drunk when he talked with the truck drivers; he had no alcohol on his breath, his words were not slurred, and he was not walking unsteadily. The truck drivers saw some type of rifle in the back seat of the car.

Four days later, Mr. Hill was arrested at a convenience store in Dallas. He was driving Mr. Sturdivant's car at the time and was accompanied by another man, who was trying to sell some tools and a radio to the owner of the convenience store. Mr. Hill had no identification and gave three different names to the police. He had no proof of ownership or of insurance for the car, which had a stolen license plate on it. The police found Mr. Sturdivant's license plate in the trunk of the car, along with his checkbooks and some utility bills in his name. Mr. Hill first told the police that he had bought the car from a man named Gary after seeing an ad at a laundromat; Mr. Hill was to take up the payments on the car. He later told police that a man named Clyde had given him the car at one of the Dallas missions for the homeless.

## II. DISCUSSION

Mr. Hill asserted eight separate bases for habeas relief before the district court: (1) ineffective assistance of appellate counsel; (2) insufficiency of the evidence; (3) the admission of evidence obtained pursuant to an illegal search; (4) denial of post-conviction counsel; (5) the admission of an involuntary statement; (6) instructional error; (7) error in allowing the prosecutor to amend the information; and (8) ineffective assistance of trial counsel. The district court found that Mr. Hill had procedurally defaulted grounds four through eight by failing to present them at the state level. The district court went on to deny habeas relief on grounds one through three on the merits. On appeal, Mr. Hill asserts cause and prejudice to excuse his procedural default on issues four through eight and appeals the

-3-

district court's order affirming the sufficiency of the evidence supporting his felony murder conviction.

## A. Cause and Prejudice

### 1. Rule 37 Ten-Page Limit

Mr. Hill does not deny that he failed to present issues four through eight to the state court in his Rule 37 petition. He asserts, however, the ten-page limitation imposed by Arkansas Criminal Procedure Rule 37 as cause excusing his default. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Under Murray v. Carrier, 477 U.S. 478 (1986), cause excusing procedural default generally turns upon whether "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," such as a showing that the factual or legal basis of the claim was not then available or that some interference by officials made compliance impracticable. Id. at 488. Rule 37.1 provides:

> The petition will state in concise, non repetitive language, without argument, the grounds upon which it is based and shall not exceed ten pages in length. If the petition is handwritten it will be clearly legible, will not exceed thirty lines per page and fifteen words per line, with a left hand margin of at least 1 1/2 inches and upper and lower margins of at least two inches. Petitions which are not in compliance with this rule will be subject to being stricken.

Ark. R. Crim. P. 37.1(e). Mr. Hill, however, was free to demonstrate that he was unable to adequately present his claims in ten or fewer pages in a motion to file an overlength petition. See Washington v. State, 823 S.W.2d 900, 901 (Ark. 1992). Because he failed to do so, he cannot now assert the alleged inadequacies of state procedural rules which he failed to fully utilize as post-hoc

cause excusing his procedural default. Id. (Rule 37 ten-page limit is a reasonable restriction on post-conviction relief).

## 2. Ineffective Assistance of Appellate Counsel

Mr. Hill alternatively asserts ineffective assistance of appellate counsel as cause. "Ineffective assistance of counsel . . . is cause for a procedural default." Carrier, 477 U.S. at 488. In order to demonstrate ineffective assistance of counsel, Mr. Hill must prove: (1) his attorney's performance was deficient; and (2) resultant prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). A review of the record reveals, however, that Mr. Hill has failed to establish either element, and we accordingly reject this argument.

## B. Sufficiency of the Evidence

Mr. Hill next challenges the sufficiency of the evidence supporting his conviction for felony murder, that is, for killing Mr. Sturdivant in the course of perpetrating a robbery. See Ark. Code Ann. § 5-10-101(a)(1). A bare majority of the Arkansas Supreme Court concluded that there was sufficient evidence to support Mr. Hill's conviction. The issue in this case is not whether this panel would have convicted the defendant had it been the trier of fact. Our standard of review is as narrow as it is well-established:

> This court must view the evidence in the light most favorable to the government and sustain the verdict if it is supported by substantial evidence. Moreover, on appeal, the government must be given the benefit of all inferences that may logically be drawn from the evidence. It is not necessary that the evidence exclude every reasonable hypothesis except guilt; instead, the evidence is simply sufficient if it will convince a trier of fact beyond a reasonable doubt that the defendant is guilty. This court will not disturb a conviction if the evidence rationally supports two conflicting hypotheses. Each of

the elements of the crime charged may be proven by circumstantial evidence, as well as by direct evidence. And finally, this court must keep in mind that the standard to be applied to determine the sufficiency of the evidence is a strict one, and the finding of guilt should not be overturned lightly.

United States v. Brown, 921 F.2d 785, 791 (8th Cir. 1990) (citations and quotation omitted). Our function as an appellate court is not to reweigh the evidence. United States v. Anderson, 78 F.3d 420, 422 (8th Cir. 1996). To the contrary, we must accord "great deference" where a state appellate court has found the evidence supporting the conviction constitutionally sufficient, as the Arkansas Supreme Court has in this case. Ward v. Lockhart, 841 F.2d 844, 846 (8th Cir. 1988).

Bearing these principles in mind, there can be little argument that Mr. Hill's murder conviction is supported by substantial, albeit not overwhelming, evidence. We readily concede that there is no direct evidence placing Mr. Hill in the victim's trailer the night of the murder. Forensic evidence such as hair, fingerprints, or body fluids are eminently useful when found, but their absence does not necessarily mandate acquittal. Although the evidence supporting Mr. Hill's conviction is admittedly circumstantial, "circumstantial evidence may constitute substantial evidence" under Arkansas law. Hill, 773 S.W.2d at 425. Our Court has also recognized that the verdict "may be based in whole or in part on circumstantial evidence." Anderson, 78 F.3d at 422.

Mr. Hill argues that the circumstantial evidence supporting his guilt is insufficient because it fails to exclude other factual scenarios consistent with his innocence. The Supreme Court, however, quashed this contention in Jackson v. Virginia, 443 U.S. 307 (1979), the very case that established the applicable standard by which we judge sufficiency of the evidence challenges. In that case, the Supreme Court rejected the habeas petitioner's

sufficiency challenge based on his argument that circumstantial evidence in the case supported his claim of self-defense as well as the prosecution's theory of guilt. Id. at 325. "Only under a theory that the prosecution was under an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt could this petitioner's challenge be sustained. That theory the Court has rejected in the past. We decline to adopt it today." Id. at 326 (citation omitted).

This Court has followed that mandate faithfully. United States v. Alvarado-Sandoval, 997 F.2d 491, 493 (8th Cir. 1993) ("The evidence need not exclude every reasonable hypothesis except that of guilt; it is sufficient if there is substantial evidence justifying an inference of guilt as found irrespective of any countervailing testimony that may have been introduced." (quotation omitted)); United States v. Searing, 984 F.2d 960, 963 (8th Cir. 1993) ("The evidence need not exclude every reasonable hypothesis other than guilt."); Perez v. Groose, 973 F.2d 630, 634 (8th Cir. 1992) ("Contrary to [the petitioner]'s contention, the prosecution is not required to rule out every hypothesis except that of guilt beyond a reasonable doubt . . . . It was for the jury to resolve any conflicting inferences . . . ."); United States v. Brown, 921 F.2d 785, 791 (8th Cir. 1990) ("This court will not disturb a conviction if the evidence rationally supports two conflicting hypotheses."); United States v. O'Malley, 854 F.2d 1085, 1088 (8th Cir. 1988) ("While this determination could certainly have been resolved differently, it is not our function as a reviewing court to reverse based on a recognition of alternate possibilities.").

This case is analogous to a host of convictions based on circumstantial evidence affirmed by this Court despite the recognition of "alternate possibilities." It is theoretically possible, but unlikely, that the true killer sold the proceeds from the killing to the hitchhiking Mr. Hill in the hour or so possibly separating the time of the murder from Mr. Hill's appearance with

Mr. Sturdivant's property. It is even possible that Mr. Hill killed Mr. Sturdivant for other unknown reasons and then made off with the goods as an afterthought. But it was also possible in <u>Jackson</u> that the female victim "willingly removed part of her clothing and then attacked [the defendant] with a knife when he resisted her advances" thus requiring him to shoot her in self-defense. <u>Jackson</u>, 443 U.S. at 325. Nevertheless, the Supreme Court presumed that "the trier of fact resolved any such conflicts in favor of the prosecution" and deferred to that resolution. <u>Id.</u> at 326.

In <u>United States v. Bates</u>, 77 F.3d 1101 (8th Cir. 1996), <u>petition for cert. filed</u> (July 10, 1996) (No. 96-5184), it was possible that the defendant found dressed in hunting apparel with two other individuals in a boat containing two shotguns, dead ducks, camouflaged netting, and decoys was merely acting as a wilderness guide as opposed to illegally hunting ducks with a shotgun as a felon in possession of a firearm. <u>Id.</u> at 1105. This Court, however, concluded that this alternative had been fairly presented to and rejected by the jury despite the fact that a wilderness guide business card was found on the defendant's person. <u>Id.</u> In <u>Rhode v. Olk-Long</u>, 84 F.3d 284 (8th Cir. 1996), the Court conceded that "some parts of the record could be read to support [the defendant's] theories that either her parents or her children could have inflicted the fatal injuries" on her infant child. <u>Id.</u> at 288. Nevertheless, the Court found "ample evidence" in the record supporting her felony murder conviction. <u>Id.</u> As such, we find the evidence supporting Mr. Hill's conviction for felony murder to be supported by sufficient evidence.

**III. CONCLUSION**

For the aforementioned reasons, we affirm the district court's denial of habeas relief.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

Because I believe that the court errs in rejecting Mr. Hill's contention that the state of Arkansas failed to make a submissible case against him, I respectfully dissent from the judgment in this case. A bare majority of the Arkansas Supreme Court concluded that there was sufficient evidence to convict Mr. Hill of felony murder, that is, of killing Mr. Sturdivant in the course of perpetrating a robbery. See Ark. Code Ann. § 5-10-101(a)(1). With respect, it appears to me that this determination was error, even when it is afforded the deference that it is due. See, e.g., Jackson v. Virginia, 443 U.S. 307, 323-24 (1979).

I begin my consideration of this case with a statement of the principles that should have guided the court's decision. Due process is violated, and a habeas petitioner is entitled to relief, if a conviction has been obtained on the basis of insufficient evidence. Id. at 321. Evidence is insufficient if from it no rational factfinder could conclude beyond a reasonable doubt that the defendant committed the crime with which he or she is charged. Id. at 319, 324. If, in other words, the state of the evidence is such that a reasonable juror would necessarily have a doubt about the defendant's guilt, and that doubt is not based on fancy or on whim but on reason, id. at 317, then the defendant cannot constitutionally be found guilty. Id. at 324.

We have granted habeas relief in a similar case at least once. See Ward v. Lockhart, 841 F.2d 844, 845-47, 849 (8th Cir. 1988). In that case, the defendant was convicted of burglary, yet no evidence placed him at or inside the school from which certain property was stolen. Id. at 846-48. In that case as well, there was evidence of possession of stolen property and implausible and conflicting stories concerning the defendant's acquisition of the property and concerning his whereabouts at critical times. Id. at 846-47. We stated that while "the evidence was clearly sufficient

-9-

to support a conviction for theft of property or theft by receiving, ... it was not [constitutionally] sufficient to permit a legal inference" that the defendant was guilty of being inside the school from which the property was taken.  Id. at 847.

In this case, the Supreme Court of Arkansas concluded that Mr. Hill's guilt was more probable than any other reasonable hypothesis supported by the evidence.  See Hill v. State, 773 S.W.2d 424, 426 (Ark. 1989).  But, with respect, this conclusion provides an answer to the wrong question. The question is not whether under the evidence Mr. Hill's guilt was more probable than any other reasonable hypothesis, but whether under the evidence, viewed in a light most favorable to the verdict, there was some other hypothesis that was reasonable.  If there was, the defendant must be acquitted.  Mr. Justice Newbern of the Arkansas Supreme Court in his dissent identified a number of hypotheses inconsistent with guilt that were both reasonable and consistent with the evidence, even when that evidence is viewed in a light most favorable to the verdict.  Id. at 427.  I note that Mr. Hill was never placed at the scene of the crime, but even if he had been, it is entirely possible that he simply stole the car and the other goods that were found in his possession without in any way participating in the murder.  Since this is a reasonable hypothesis, and since I believe that a rational juror would have had to entertain it, Mr. Hill's conviction cannot stand.

This conclusion, moreover, seems to me required by the fact that Mr. Hill was charged with felony murder, that is, with killing a person in the course of the commission of a robbery.  Even if Mr. Hill killed Mr. Sturdivant, there is no proof whatever that Mr. Hill did not kill Mr. Sturdivant with deliberate premeditation and then decide to make off with his goods as an afterthought.  This possibility is as likely as his having killed Mr. Sturdivant in the course of a robbery and by itself entitles Mr. Hill, as a constitutional matter, to an acquittal.  "Under our system of

criminal justice even a thief is entitled to complain that he has been unconstitutionally convicted and imprisoned as a burglar." <u>Jackson</u>, 443 U.S. at 323-24. I agree with Mr. Justice Newbern that "Johnny Lee Hill, or whatever his name may be, is guilty of something, but the state has not proven him guilty of murder." <u>Hill v. State</u>, 773 S.W.2d at 426.

I respectfully disagree with the court's suggestion that my proposed disposition of this case would conflict with the principles laid down in <u>Jackson</u>, 443 U.S. at 326. I presume, of course, as the Court did in <u>Jackson</u>, that the jury is entitled to resolve any "conflicts in favor of the prosecution." <u>Id.</u> What I rely on here as the predicate for my analysis is an assumption that the jury believed all of the evidence favorable to the government, indulged in all reasonable inferences that could have been drawn from that evidence, and disbelieved all of the evidence favorable to the defendant. That is what I mean when I say that I have viewed the evidence in a light most favorable to the verdict. The cases that the court relies on to support its judgment are all cases in which there were conflicts in the testimony that the jury, of course, was entitled to resolve. I admit the applicability to this case of the principle announced in those cases, but I suggest that its application does not lead to the conclusion that the court reaches.

I would therefore grant Mr. Hill's petition for relief and remand this case to the district court with instructions to release Mr. Hill from custody.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-11-