# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4465

_____

United States of America,

        Plaintiff - Appellee,

v.

Christopher Rainbow,

        Defendant - Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the District
\* of North Dakota.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: May 15, 2006
Filed: May 19, 2006

_____

Before BYE, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Christopher Rainbow appeals his conviction for assault resulting in serious bodily injury, 18 U.S.C. §§ 113(a)(6) and 1153, arguing his acquittal on a charge of assault with a dangerous weapon, 18 U.S.C. § 113(a)(3) and 1153, is inconsistent with the jury's verdict. Rainbow also argues there was insufficient evidence to support a finding of serious bodily injury. We affirm the judgment of the district court.[1]

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

Viewed in the light most favorable to the verdict, United States v. Calderin-Rodriguez, 244 F.3d 977, 983 (8th Cir. 2001), the evidence reveals the following. In the early morning hours of December 11, 2005, Bureau of Indian Affairs officer Gary Sandland was called to the Vivian Day residence in Fort Yates, North Dakota, to investigate an assault. When he arrived, Sandland observed Ron Kidder holding Emmette Ramsey, who was lying on the ground in front of the residence. Ramsey was bleeding profusely from a head wound. He was transported by ambulance to a Bismarck hospital and diagnosed with subarachnoid and subdural bleeding, a fractured nose, and a fractured orbital socket. Ramsey was admitted for observation and released the following day.

The FBI interviewed Rainbow who stated he and Ramsey had been arguing and ended up in a confrontation. In his FBI statement, Rainbow stated he followed Ramsey from a party at Lisa Blackhoop's home to the Day residence located two doors down. Rainbow admitted striking Ramsey in the face and knocking him to the ground. Rainbow further admitted he kicked Ramsey in the face and struck him with a bar from a trampoline while Ramsey was on the ground. At trial, Rainbow denied striking Ramsey with the bar. He did not, however, deny knocking Ramsey to the ground and kicking him in the head and face.

Four other people were present at the Day residence when the assault occurred. Two testified they observed the fight and saw Rainbow strike Ramsey with the bar. The other two testified they did not observe the fight, but one, Ron Kidder, testified he found Ramsey on the ground in front of the home and did not see the other two witnesses who claimed to have seen the fight. A final witness testified on behalf of Rainbow and attempted to convince the jury Ramsey's injuries were caused by a second, unknown assailant.

Rainbow was indicted on charges of assault with a dangerous weapon and assault resulting in serious bodily injury. Throughout the trial, the government argued

-2-

the serious injuries were inflicted by the trampoline bar which was a dangerous weapon. The jury acquitted Rainbow of the dangerous weapon charge but convicted him of assault resulting in serious bodily injury.

On appeal, Rainbow argues the jury's verdict on the dangerous weapon charge is inconsistent with its verdict on the serious bodily injury count. He contends the jury could not reasonably convict him of assault resulting in serious bodily injury if it did not believe the government's theory as to how the injuries were inflicted. Rainbow also contends the government did not offer sufficient evidence of serious bodily injury to support the jury's guilty verdict.

There was conflicting evidence offered about whether the bar was involved in the attack. In his statement to the FBI, Rainbow admitted striking Ramsey with the bar. At trial, however, he denied using it against Ramsey and testified he picked it up after the assault to protect himself in the event he was attacked by others at the party or the Day residence. Two eyewitnesses testified they saw Rainbow use the bar, but another who came on the scene immediately after the assault testified the eyewitnesses were nowhere to be seen. Because of these discrepancies, it would not have been unreasonable for the jury to conclude there was insufficient evidence to prove beyond a reasonable doubt the bar was used in the assault or that it was a dangerous weapon. There was, however, uncontradicted evidence showing Rainbow beat Ramsey with his fists and kicked him about the head and face. Therefore, Rainbow's acquittal on the dangerous weapon charge is not inconsistent with a finding Ramsey sustained serious bodily injury.

Rainbow next argues the government offered insufficient evidence of serious bodily injury to support the jury's verdict. In determining whether the evidence is sufficient to support a conviction, we view the evidence in the light most favorable to the verdict, giving it the benefit of all reasonable inferences. Calderin-Rodriguez, 244 F.3d at 983. Reversal is required only where no reasonable jury could have found a

defendant guilty beyond a reasonable doubt. Id. "[T]he standard to be applied to determine the sufficiency of the evidence is a strict one, and the finding of guilt should not be overturned lightly." Hill v. Norris, 96 F.3d 1085, 1088 (8th Cir. 1996) (quoting United States v. Brown, 921 F.2d 785, 791 (8th Cir. 1990)).

To prove Ramsey sustained serious bodily injury, the government had to prove an injury involving

(A)    a substantial risk of death;
(B)    extreme physical pain;
(C)    protracted and obvious disfigurement; or,
(D)    protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

18 U.S.C. § 1365. See 18 U.S.C. § 113(b)(2) (incorporating § 1365's definition of serious bodily injury by reference).

Rainbow argues the government failed to present any expert testimony proving the injuries were life-threatening or resulted in any impairment of the function of a bodily member, organ, or mental faculty. Further, because Ramsey was extremely intoxicated and could not clearly recall the assault, Rainbow contends he could not testify to suffering extreme physical pain. For its part, the government argues the internal brain hemorrhaging was life-threatening[2] and expert testimony was not required because the jury could readily "see the nature and character of the injury [sic] themselves through photographs of Ramsey."

"Determining whether an injury is serious is an issue for the jury to decide based on its 'common understanding' of the term." United States v. Peneaux, 432 F.3d 882, 891 (8th Cir. 2005) (quoting United States v. Two Eagle, 318 F.3d 785, 791 (8th

---

[2]Officer Sandland, a licensed paramedic, was allowed to testify that left untreated the head injuries could have been life-threatening.

Cir. 2003)). Rainbow admitted striking Ramsey with his fists and kicking him in the head and face. The beating caused a scalp laceration, inter-cranial bleeding, a fractured nose, and a fractured orbital socket. At trial, the jury was shown pictures depicting the injuries. From this evidence, it is entirely reasonable for a jury to conclude Ramsey suffered extreme physical pain and potentially life-threatening injuries.

The judgment of the district court is affirmed.

_____