No. 96-1850

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota. |
| | * | |
| Mike Smith, | * | |
| | * | |
| Defendant - Appellant. | * | |

Submitted:  July 11, 1996

Filed:  January 3, 1997

Before WOLLMAN, JOHN R. GIBSON, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

A jury found Mike Smith guilty of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (1994).  Smith appeals his conviction, challenging the district court's[1] response to a jury question and its denial of Smith's motions for a judgment of acquittal.  We affirm.

I.

Mike Smith is a felon and was on supervised release on August 12, 1995.  That morning, he drove his father's pickup to the town of Parmelee, South Dakota.  Smith flagged down Officer Hermus Lone Dog, a police officer for the Rosebud Sioux Tribe.  Officer Lone

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

Dog stopped and spoke to Smith and noticed signs of intoxication. Smith told the officer he had been drinking.

Officer Lone Dog placed Smith under arrest for driving under the influence of alcohol. When Smith resisted Officer Lone Dog's attempt to handcuff him, the officer summoned help from Officer Kevin Swalley. The two officers handcuffed Smith and placed him in the back seat of the patrol car. While being handcuffed, Smith said, "I'm going. I'm going back." (Tr. at 25.)

Officer Swalley proceeded to move Smith's pickup off the road where it was blocking traffic, so that it could be inventoried and towed. As he moved the seat forward to accommodate his stature, Officer Swalley observed the butt end of a 30-30 caliber rifle lying behind the seat and a red box in the pickup door that contained 30-30 caliber rifle bullets. He told Officer Lone Dog about his observations, and Officer Lone Dog then took the weapon and ammunition from the pickup back to his patrol car. Smith became quite agitated when he saw the firearm and the ammunition, and began knocking his head against the cage in the patrol car and kicking the rear window. He said, "I know I'm going back, I'm on [f]ederal probation." (Id. at 33-34.)

Smith was charged with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The case proceeded to trial, and a jury returned a guilty verdict. Smith twice moved for a judgment of acquittal, but the district court denied both motions. Smith appeals.

II.

Under 18 U.S.C. § 922(g)(1), a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" may not possess any firearm or ammunition. Smith argues that the district court erred in denying his motions

2

for acquittal. He claims there was insufficient evidence to establish beyond a reasonable doubt that he knowingly possessed the rifle.

Our standard of review on this issue is quite narrow. United States v. Cunningham, 83 F.3d 218, 222 (8th Cir. 1996). "We review the denial of a motion for judgment of acquittal based upon sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict." United States v. Johnson, 56 F.3d 947, 956 (8th Cir. 1995). We give the government the benefit of all the reasonable inferences that could logically be drawn from the evidence. Cunningham, 83 F.3d at 222. We must uphold the verdict if the evidence so viewed is such that "there is an interpretation of the evidence that would allow a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt." Id. (quoting United States v. White, 81 F.3d 80, 82 (8th Cir. 1996)). "The verdict may be based in whole or in part on circumstantial evidence." United States v. Alvarado-Sandoval, 997 F.2d 491, 493 (8th Cir. 1993).

The government put on several witnesses to prove its case. The government first called Smith's sister, Mary Olguin, as a hostile witness. Olguin testified that she owned the 30-30 rifle and that it had been hanging on a wall in her parents' house for several years. Olguin said she had placed it in the pickup during the first week of August without her father's knowledge. She said the rifle did not work, and she wanted her father to take it to Valentine, Nebraska, to be fixed.

Smith's father also testified. He stated that the only people living in his home on August 12, 1995, besides himself, were his wife, his daughter Kathleen who was disabled, and Smith. Smith's father said that he had not placed the rifle in the pickup and that his daughter Kathleen was incapable of doing so. He told the jury he does not own any guns and had not bought any bullets in several

3

years.  He also testified that he does not allow anyone to drive his pickup unless he is present, but Smith has a key that fits the ignition of the pickup.

Finally, Smith's mother testified.  She stated she had last seen the rifle hanging on the wall of her home on August 10, 1995. She testified, as her husband had, that her daughter Kathleen would be incapable of placing the rifle in the pickup.  Mrs. Smith also testified that she had not placed the rifle in the pickup, has never bought any bullets, and had never seen the bullets the officers found in the pickup.  She told the jury that she and her husband normally took their car, rather than the pickup, to shop in Valentine.  They rarely used the pickup.

The jury could reasonably have inferred that Olguin fabricated her story.  In contrast to her claim that she had put the rifle in the pickup during the first week of August, her mother testified to seeing the rifle hanging on the wall as late as August 10.  Olguin's alleged reason for putting the rifle in the pickup is also suspect, because her parents normally take their car, instead of their pickup, to shop in Valentine. The jury reasonably could have concluded that Olguin was attempting to cover for her brother and therefore could have disregarded Olguin's testimony as incredible.  We would not disturb such a credibility determination.  See United States v. Martinez, 958 F.2d 217, 218 (8th Cir. 1992) ("It is the sole province of the jury to weigh the credibility of a witness.").

Considering the remaining evidence, the jury could have believed Smith's parents' testimony that neither they nor their daughter Kathleen had moved the rifle from the wall of their home to their pickup.  The jury could then have found that Smith was the only person who had access both to his father's pickup and to the rifle, and it was he who had placed the rifle and the bullets in the pickup.  Having reached this finding, it is indeed a small logical step to conclude that Smith knowingly had constructive

4

possession of the rifle at the time he was arrested.  Smith's agitation when he saw that the officers had found the rifle and the ammunition and his statements about having "to go back" support this conclusion.

Viewing the evidence in this light, we find that it was sufficient to support the verdict.  The district court did not err in denying Smith's motions for a judgment of acquittal.

Smith's second argument on appeal concerns the district court's response to a question the jury posed regarding the elements of section 922(g)(1).  During jury deliberations, the jury sent a note to the district court, asking:  "Does constructive possession mean you have to know that an item is in your presence in order to possess that item[?]".  (Suppl. Tr. at 2.)  The district court prepared the following answer:  "In response to the question from the jury, although you are to consider all of the instructions, you might consider Instruction number 16 and Instruction number 15A."  (Id.)  The court then solicited comments from both parties regarding the proposed response.

Defense counsel objected and submitted the following response:  "Yes, a person must know that he has an item in his presence to make it constructive possession."  (Id. at 3.)  The district court rejected defense counsel's proposal, fearing that it might cloud the definition of constructive possession already submitted to the jury in Instruction 16. The court was concerned that defense counsel's response would force the jury to wrestle with two different definitions, one of which is more restrictive than the other.  The court therefore decided to answer the jury's question with the court's originally proposed statement, referring the jury to the instructions as a whole and specifically to instructions Number 16 and Number 15A.  Smith contends this decision was an abuse of discretion.

When responding to a jury's explicit request for supplemental instructions, the trial judge must take great care "to insure that any supplemental instructions are accurate, clear, neutral, and non-prejudicial." United States v. Skarda, 845 F.2d 1508, 1512 (8th Cir. 1988). "The response to a jury request for supplemental instructions is a matter within the sound discretion of the district court." Id. (quoting United States v. White, 794 F.2d 367, 370 (8th Cir. 1986)).

The district court in this case did not abuse its discretion. The court referred the jury members to the instructions that answered their question, including Instructions Number 16 and Number 15A. Instruction Number 16, which was patterned after Eighth Circuit Model Jury Instruction No. 8.02, accurately stated the legal definitions of the various types of

possession, including constructive possession.[2]  See <u>United States v. Ali</u>, 63 F.3d 710,

---

[2]Instruction Number 16 stated:

The law recognizes several kinds of possession.  A person may have actual possession or constructive possession.  A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole.  If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

(Appellee's Adden. at 2.)

716 (8th Cir. 1995) (noting our frequent approval of this instruction). This instruction explicitly requires a determination that the defendant intended to exercise dominion over something in order to find that he had constructive possession of it. Reference to this instruction should have answered the jury's question regarding the required mental state for constructive possession. In addition, Instruction Number 15A further clarified any ambiguity the jury might have had regarding the element of "knowingly."[3] The court's reference to these two instructions was responsive to the jury's question and gave the jury an accurate statement of the law. We see no abuse of discretion in the district court's refusal to risk confusion with another, slightly different instruction.

III.

Accordingly, we affirm the judgment of the district court.

---

[3]Instruction Number 15A was incorporated into the jury instructions at Smith's request. It was taken from the Ninth Circuit Pattern Jury Instructions, see 9th Cir. Crim. Jury Instr. 5.06 (1995), and is the instruction recommended by the Committee on Model Criminal Jury Instructions for the Eighth Circuit for situations when an instruction on the "knowingly" issue is necessary, see Manual of the Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 703 commentary at 432 (1996). Instruction Number 15A stated:

> An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

(Appellee's Adden. at 1.)

8

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.