# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2049

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Arturo Cardenas-Gutierrez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 17, 2003

Filed: February 5, 2004

_____

Before WOLLMAN, LAY, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Arturo Cardenas-Gutierrez was convicted of possession with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). His sentence included 235 months of imprisonment, 5 years of supervised release, and a $100 special assessment. He now appeals, contending that the district court[1] erred by denying his motions for continuance, for dismissal, and for acquittal. We affirm.

_____

[1]The Honorable Laurie Smith-Camp, United States District Judge for the District of Nebraska.

On the day trial was to begin, Cardenas-Gutierrez moved for a continuance to secure the appearance of his uncle, "Romero," whom Cardenas-Gutierrez claimed to have been traveling to see when he was arrested in Nebraska. At the time of his arrest, Cardenas-Gutierrez said that his uncle lived in New Jersey, but was unable to provide a last name, city of residence, or telephone number. Cardenas-Gutierrez did not specify in his motion what relevant testimony his uncle, whose whereabouts he claimed to have just discovered, would give. We review a denial of a motion to continue for abuse of discretion, United States v. Vesey, 330 F.3d 1070, 1071-72 (8th Cir. 2003). No abuse of discretion is shown here, for Cardenas-Gutierrez failed to "make some plausible showing of how [the] testimony would have been both material and favorable to his defense." United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982).

Following the government's case-in-chief, and again following the jury's guilty verdict, Cardenas-Gutierrez moved for judgment of acquittal, challenging the sufficiency of the evidence. Having reviewed the evidence in the light most favorable to the jury's verdict, United States v. Smith, 104 F.3d 145, 147 (8th Cir. 1997), we conclude that a reasonable juror could have found beyond a reasonable doubt that Cardenas-Gutierrez possessed and intended to distribute the methamphetamine found in the car. United States v. Buford, 108 F.3d 151, 153 (8th Cir. 1997).

Finally, Cardenas-Gutierrez argues that the district court erred in denying his motion for new trial. The only mention of such a motion was the district court's immediately corrected mischaracterization of defendant's motion for acquittal. Cardenas-Gutierrez in fact made no motion for new trial.

The conviction is affirmed.

_____