# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4165

_____

United States of America,           *
                                     *
        Plaintiff-Appellee,          *
                                     *   Appeal from the United States
    v.                               *   District Court for the
                                     *   District of South Dakota.
Joseph Charles Richard,              *
                                     *        [UNPUBLISHED]
        Defendant-Appellant.         *

_____

Submitted: April 19, 2006
Filed: May 9, 2006

_____

Before ARNOLD, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Joseph Charles Richard, also known as "Joe Bat" Richard, appeals his conviction for conspiracy to possess with intent to distribute fifty kilograms or more of marijuana, arguing the evidence was insufficient to establish he was guilty of conspiracy. In the alternative, he argues the evidence did not prove he was responsible for fifty kilograms or more of marijuana. We affirm.

I.

In August 2005, Richard, a resident of Pine Ridge, was tried before a jury in the United States District Court in the District of South Dakota.[1] The government presented evidence that Lenora and Clarence Dowty, together with various members of their extended family and Richard, conspired to sell marijuana in South Dakota from 2001 through 2004.

Brandy Schnider, Lenora Dowty's granddaughter, testified she lived with her grandmother intermittently in the 1990s during her "teenage years." She stated she observed members of her family dividing and weighing marijuana for sale, and that she participated in the conspiracy by selling marijuana. She stated her grandmother would "pool" money from various people before arranging a trip to Denver to buy marijuana, with Tammy Dowty-Kahler, Robert Dowty, and Richard contributing funds. Schnider stated she observed Richard come to her grandmother's house with money to buy marijuana when she was approximately fifteen or sixteen years old, which would have been around 1998 or 1999. She believed Richard gave her grandmother money approximately five times, and stated that he usually gave her about $2,500. Schnider also stated she recalled personally giving Richard marijuana during this time and that she did so to assist her grandmother. However, Schnider testified that Richard was not part of the "inner circle" of her family's drug-selling business.

The Dowty conspirators bought marijuana from two principal sources: Carlos Perez and Michelle Schreiber, who both lived in Denver, Colorado. Perez testified he supplied marijuana to various members of the Dowty family at least fifteen times from 2001 until his arrest in 2003. He stated he sold as much as twenty pounds to members

---

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

of the Dowty conspiracy in a single transaction. Perez met Richard through Jerry Mousseaux, a resident of Pine Ridge. From 2001 to 2002, Perez testified he directly supplied Richard with marijuana at least five times, and that the last transaction with Richard was for roughly six pounds. He separately supplied members of the Dowty family with marijuana during the same time.

Schreiber testified she supplied marijuana to Tammy Dowty-Kahler and other members of the Dowty family over a number of years. It appears from her testimony that she began dealing with the Dowtys in the late 1990s, and continued selling to various family members until 2003. She supplied from five to twenty pounds during each transaction. Schreiber testified that Dowty-Kahler introduced her to Richard sometime around 2000, and that she referred to him as "Uncle Joe." She stated that over the next three years she sold marijuana to Richard a minimum of thirty times, supplying from five to fifteen pounds in each transaction. She estimated that Richard usually bought ten to twelve pounds.

Richard testified on his own behalf and denied participating in the Dowty conspiracy. He testified he occasionally bought "an ounce" of marijuana for his own use from Perez, but that he never purchased marijuana from Schreiber. He denied selling marijuana. The jury found Richard guilty of conspiracy to possess with the intent to distribute fifty kilograms or more of marijuana. See 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). In November 2005, Richard was sentenced to seventy months' imprisonment.

## II.

Richard now appeals. He first argues the government's evidence was not sufficient to prove he was guilty of conspiracy to distribute marijuana. Richard makes two arguments regarding the government's proof that he was involved in the Dowty conspiracy. First, Richard asserts the government did not present sufficient evidence

to prove Richard was part of the Dowty conspiracy. He then asserts that even if the evidence was sufficient to establish he was part of the Dowty conspiracy, it was not sufficient to prove his involvement in the Dowty conspiracy extended into the time period alleged in the indictment—from 2001 through 2004. According to Richard, the government's evidence indicated he was involved in the Dowty conspiracy during the late 1990s. However, he argues during the time frame alleged in the indictment, the government's evidence showed he was involved in "distinct activities" with Perez and Schreiber that were not related to the Dowty conspiracy.

We review sufficiency of evidence claims de novo, viewing the evidence "in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Washington, 318 F.3d 845, 852 (8th Cir. 2003). In reviewing the record, "we will uphold the verdict if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt."[2] United States v. Hamilton, 332 F.3d 1144, 1149 (8th Cir. 2003).

To prove Richard was guilty of conspiracy to distribute marijuana, the government was required to show 1) a conspiracy to distribute marijuana existed; 2) [Richard] knew of the conspiracy; and 3) he knowingly became part of the conspiracy. See United States v. Voegtlin, 437 F.3d 741, 746 (8th Cir. 2006). In proving a conspiracy existed, the government's evidence may be direct or circumstantial. United States v. Reeves, 83 F.3d 203, 206-07 (8th Cir. 1996).

---

[2]The government argues that a plain error review is warranted because Richard raises the specific claim that his dealings with Perez and Schreiber were unrelated to the Dowty conspiracy for the first time on appeal. Without reaching the issue of whether Richard preserved this claim, we note that Richard's claims are without merit whether reviewed de novo or for plain error.

Richard argues that Brandy Schnider's testimony provided the only evidence connecting Richard to the Dowty family's drug distribution activities and that this testimony was not credible. Therefore, he argues no reasonable jury could find him guilty of conspiracy. However, viewing the evidence in the light most favorable to the jury's verdict, the jury apparently found Schnider's testimony credible, a result we will not disturb. See United States v. Smith, 104 F.3d 145, 148 (8th Cir. 1997).

Richard next argues that Schnider's testimony "pertained to alleged activities by Richard outside the time frame charged in the indictment." According to Richard, Schnider's testimony related to Richard's involvement in the Dowty conspiracy in the late 1990s, while the government indicted Richard for his dealings with Perez and Schreiber from 2001 to 2003. Richard asserts his transactions with Perez and Schreiber should be viewed as "other acts evidence not related to the charged conspiracy." Appellant's Reply Brief at 2. Richard points out that his separate dealings with Perez and Schreiber were "contrary to Dowty interests."

In United States v. Robinson, 110 F.3d 1320, 1324 (8th Cir. 1997), we observed that whether one conspiracy or multiple conspiracies exists "is a question of fact for the jury to decide." Further, "[s]imply because the participants in a conspiracy change over time does not prove the existence of multiple conspiracies. Rather, where the remaining conspirators continue to act in furtherance of the conspiracy to distribute drugs, the conspiracy continues." Id. (quotation omitted). "[A] single overall conspiracy can be made up of a number of separate transactions and a number of groups involved in separate crimes or acts." United States v. Adams, 401 F.3d 886, 898 (8th Cir. 2005) (quotation and citation omitted). "[A] defendant may be convicted for even a minor role in a conspiracy, so long as the government proves beyond a reasonable doubt that he or she was a member of the conspiracy." United States v. Lopez, No. 04-2254, 2006 WL 987987, at *3 (8th Cir. April 17, 2006). Drug dealers who compete with one another may nonetheless be deemed members of the same conspiracy. United States v. Roach, 164 F.3d 403, 412 (8th Cir. 1998).

The record contains sufficient evidence for a reasonable jury to have found beyond a reasonable doubt that during the late 1990s Richard knowingly and voluntarily became involved in the Dowty conspiracy to purchase marijuana in Denver for re-sale in South Dakota, and that his subsequent drug deals with Perez and Schreiber were part of this conspiracy. Richard was introduced to Schreiber by a Dowty family member for the purpose of buying marijuana, and bought drugs from Schreiber and Perez—the two principal sources for the Dowty family. This evidence is sufficient to prove Richard's involvement in the Dowty conspiracy during the time frame alleged in the indictment, which was actually a period "beginning no later than 2001" through 2003.

We now turn to Richard's claim that the evidence was insufficient to connect him to fifty kilograms (approximately 110 pounds) or more of marijuana as part of the Dowty conspiracy. Richard asserts that Schnider's testimony indicated he purchased twenty-five pounds—roughly eleven kilograms—of marijuana as part of the Dowty conspiracy. According to Richard, the quantities testified to by Schreiber and Perez were part of separate conspiracies and should not be considered. However, because we have concluded that Richard's dealings with Perez and Schreiber were part of the Dowty conspiracy, the jury was free to include the drug quantities attributed to Richard by Schreiber and Perez. Schreiber stated she sold marijuana directly to Richard approximately thirty times, ranging between five and fifteen pounds per sale. Thus, the quantities described by Schreiber created sufficient evidence for a reasonable jury to conclude Richard was responsible for conspiring to distribute fifty kilograms or more.

## III.

For the foregoing reasons, we hold the evidence was sufficient to support the jury's finding that Richard was guilty of conspiracy to possess with intent distribute fifty kilograms or more of marijuana.

Affirmed.

_____